IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 03-38577-H2-13 |
| EDILIA ARIZABALO, | § | |
| Debtor | § | CHAPTER 13 |
| | § | |
| EDILIA ARIZABALO, | § | |
| Appellant, | § | |
| v. | § | CIVIL ACTION NO. H-04-4764 |
| EMMETT JONES, | § | |
| Appellee. | § | |

**MEMORANDUM AND ORDER**

Pursuant to 28 U.S.C. § 158, Appellant/Debtor Edilia Arizabalo appeals the November 16, 2004, Order of the United States Bankruptcy Court for the Southern District of Texas dismissing the adversary cause she filed against Emmett Jones, Adversary No. 03-4192. After having carefully reviewed the record and the applicable law, the Court concludes that the Bankruptcy Court's November 16, 2004 Order should be affirmed.

I.  **Procedural History**

Emmett Jones ("Jones") filed a secured claim in the amount of $35,000 in Arizabalo's Chapter 13 bankruptcy case. Exhibit BB.[1] Jones's secured claim was based on a contract for deed for his sale

---

[1] The exhibits are found at Document No. 6.

of real property to Arizabalo, who was delinquent in her monthly payments. After Arizabalo filed an objection to Jones's claim, the Bankruptcy Judge on October 9, 2003, signed an agreed order disallowing the claim but allowing Jones to file an amended proof of claim. Exhibit U. Jones filed his amended claim on November 13, 2003, in the amount of $22,677.59. Exhibits CC, X. Jones also filed an objection to Arizabalo's proposed plan on the basis that it did not provide for the payment of contractual interest due to Jones. Exhibit X. Arizabalo, in turn, filed an objection to Jones's amended proof of claim. Exhibit Y.

On December 3, 2003, Arizabalo filed Adversary No. 03-4192 against Jones, in which Arizabalo alleged in connection with the contract for deed that Jones violated section 5.077 of the Texas Property Code by failing to provide her with annual accounting statements, and violated provisions of the Texas Deceptive Trade Practices Act by failing to provide her with proper notice of his attempt to terminate the contract for deed. Exhibit J.

On December 11, 2003, at a hearing on Arizabalo's objection to Jones's amended proof of claim and Jones's objection to Arizabalo's proposed plan, the parties announced that they had reached a settlement and both sides' objections were withdrawn. *See* Exhibits Z and AA. On December 16, 2003, Arizabalo's chapter 13 plan was confirmed.

Ten months later a bench trial was held in Adversary No. 03-4192, at which both sides presented testimony and documentary evidence, Exhibit P, followed by the Bankruptcy Court's Order

2

entered the November 16, 2004, dismissing the adversary proceeding. Exhibit R. In that Order, the Bankruptcy Court wrote:

> Debtor brought this adversary proceeding against Jones alleging various violations of the Texas Property Code and the Deceptive Trade Practices Act. At the trial on October 14, 2004, Jones argued that this matter is moot because the parties had reached an agreement on December 11, 2003 which resolved all the issues between them.
>
> Debtor did not effectively dispute Jones' claim of settlement. When asked if she believed that the agreement of December 11, 2003, settled this issue at hand in the adversary, Debtor gave confused and contradictory answers.
>
> Jones' testimony was more persuasive. In addition, Jones' contentions are supported by the documents. Jones reduced his secured claim, which logically suggests a settlement. In his testimony, Jones stated that he talked with Debtor and her husband at the December hearing. Debtor wanted Jones to turn over title to the property free and clear while Jones wanted Debtor to pay the delinquent payments and to reimburse him for the taxes that he had paid on the property. The settlement they reached reduced Jones' claim by more than $10,000. Jones testified that he deducted the accrued interest, agreed to waive interest on the arrearage, and agreed to continue accepting payments through the plan. In return for Jones' concessions, all issues between the parties were resolved. The Court finds that the disputes between the parties related to this contract for deed as reflected in the complaint filed December 3 were settled and adjudicated by the agreement reached December 11 that were incorporated into the confirmed chapter 13 plan.

Exhibit R. Arizabalo appeals that November 16, 2004 Order dismissing Adversary No. 03-4192.

## II. Issues

Arizabalo sets forth two issues for this appeal:

1. whether the adversary had been settled in a global settlement along with a claim objection to confirmation of chapter 13 plan; and

2. whether the alleged settlement is valid and enforceable.

Appellant's Brief (Document No. 5) at 2. Arizabalo argues that the Bankruptcy Court's finding of a comprehensive settlement is "inconsistent with the docket entry and with the continuation of the litigation of the adversary." Appellant's Brief (Document No. 5) at 6. In addition, Arizabalo argues that any such global settlement was not valid and enforceable because it had not been reduced to writing and had not been approved by the Bankruptcy Court.

## III. Standard of Review

Bankruptcy Rule 8013 sets forth the standard of review of orders and judgments issued by the bankruptcy courts:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Moreover, a district court reviews a bankruptcy court's legal conclusions de novo. <u>Matter of Foster Mortgage Corp.</u>, 68 F.3d 914, 917 (5th Cir. 1995). A finding of fact premised on an improper legal standard or on a proper legal standard improperly applied "loses the insulation of the clearly erroneous rule." <u>Matter of</u>

4

Missionary Baptist Foundation of America, 818 F.2d 1135, 1142 (5th Cir. 1987) (citations omitted).

**IV. Discussion**

The bankruptcy court's finding at the conclusion of a bench trial that the parties had resolved and settled all disputes between them related to the contract for deed is a finding of fact. *See* Anderton v. Schindler, 154 S.W.3d 928, 932 (Tex. App.—Dallas 2005) ("The intent of the parties to be bound is an essential element of an enforceable contract, and is generally a question of fact."); Farber v. Federal Deposit Ins. Corp., 590 S.W.2d 806, 808 (Tex. App.—Houston [14th Dist.] 1979) ("Whether there had been a compromise settlement between the parties was a question of fact."); Matter of Novack, 639 F.2d 1274, 1277-1278 (5th Cir. 1981) (bankruptcy court's determination that subsequent settlement offer was indistinguishable from an initial settlement offer, to which appellant had not objected, was a finding of fact that was subject to a clearly erroneous standard of review on appeal); *see also* Mid-South Towing Co. v. Har-win, Inc., 733 F.2d 386, 390-391 (5th Cir. 1984) (whether an attorney has authority to settle a case is a question of fact). That finding of fact cannot be disturbed unless it is clearly erroneous. In re Perry, 345 F.3d 303, 309 (5th Cir. 2003). A fact finding is clearly erroneous if reviewing court is "left with the definite and firm conviction that a mistake has been committed." In re Dennis, 330 F.3d 696, 701 (5th Cir. 2003); In re Fairchild Aircraft Corp., 6 F.3d 1119, 1127-28 (5th Cir. 1993).

After reviewing the transcript of the bench trial, the Court concludes that the Bankruptcy Court's finding of a comprehensive settlement is not clearly erroneous. As set forth by the Bankruptcy Court in its November 16, 2004, Order, Arizabalo offered little evidence to refute Jones's proof that the parties had settled the adversary.[2] In addition, the Bankruptcy Court found Jones's testimony that a complete settlement had been made was more credible than the vague testimony of Arizabalo. Credibility determinations such as that made by the Bankruptcy Court in this case are subject to considerable deference. <u>Perry</u>, 345 F.3d at 309. In this instance there is sufficient evidence in the record to support the Bankruptcy Court's finding that all issues and claims between Arizabalo and Jones related to the contract for deed had been resolved and settled. On this record, moreover, the Court is not left with a definite and firm conviction that the Bankruptcy Court has made a mistake. Accordingly, the Bankruptcy Court's finding is not clearly erroneous.

Arizabalo's further challenge to the validity and enforceability of the settlement was not raised by her in the Bankruptcy Court and is therefore not subject to review on appeal. Absent extraordinary circumstances, issues cannot be raised for the

---

[2] At the conclusion of the evidence, the Bankruptcy Court observed the paucity of evidence presented by Arizabalo to counter Jones's testimony regarding the scope of the settlement that was reached on December 11, 2003. Exhibit P at 83-92. In addition, the Bankruptcy Court noted that although the issue of a settlement had not been raised by Jones before the bench trial, both evidence and argument regarding the settlement was received at the bench trial without objection. Exhibit P at 87-88.

first time on appeal. <u>Vogel v. Veneman</u>, 276 F.3d 729, 733 (5th Cir. 2002); <u>Fairchild Aircraft</u>, 6 F.3d at 1128, n. 21; <u>Matter of Gilchrist</u>, 891 F.2d 559, 561 (5th Cir. 1990); <u>Novack</u>, 639 F.2d at 1276-1277. There are no extraordinary circumstances here.

**V. Order**

Based on the foregoing, it is

ORDERED that the November 16, 2004 Order of the Bankruptcy Court dismissing Adversary No. 03-4192 is AFFIRMED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 20th day of September, 2005.

                         _____
                         EWING WERLEIN, JR.
                         UNITED STATES DISTRICT JUDGE